UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

A. F., an infant over the age of 14 years, by his natural guardian and mother, **ELIZABETH FELDMAN;** and **ELIZABETH FELDMAN**,

      Plaintiffs,

  -against-

**UNITED STATES OF AMERICA,**

      Defendant.

**COMPLAINT**

Docket No.:

14 CV 0374

JUDGE BRICCETTI

-----------------------------------------------------------------X

  Plaintiffs, by their attorneys, **IROM, WITTELS, FREUND, BERNE & SERRA, P.C.**, as and for their **complaint,** allege, upon information and belief, as follows:

## JURISDICTION AND VENUE

  1. Jurisdiction exists in this Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 USC § 1346(b) et seq., which provides that person claiming damages resulting from the actions of federal employees taken within the scope of their office or employment must bring suit directly against the United States.

  2. Further, 42 USC §§ 233(g)-(n) provides FTCA coverage to federally-supported health care centers and their employees for their acts and omissions.

  3. The Department of Health and Human Services, pursuant to 42 USC § 233(h), has deemed the Open Door Family Medical Center, Inc. ("Open Door"), located at 165 Main Street, Ossining, NY, a federal employee for purposes of tort liability. In addition, Onyinye Okpukpara, MD, an employee of Open Door, is a federal employee for such

1

purpose, as are all other licensed health care practitioners who care for patients at Open Door.

4. Prior to filing this complaint, Plaintiffs exhausted all administrative remedies, by filing a timely administrative tort claim with the Department of Health and Human Services. Plaintiffs subsequently received a denial of their claim, and file this complaint timely thereafter.

5. Venue is properly laid in this District pursuant to 28 USC § 1391(a). Plaintiffs reside here, Open Door is located here, and the acts and omissions which lead to the action occurred here.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF INFANT PLAINTIFF, A.F.

6. That at all of the times hereinafter mentioned, the plaintiff, ELIZABETH FELDMAN, was and still is the natural guardian and mother of the infant plaintiff, A.F., and brings this action on behalf of said infant plaintiff, A.F.

7. That at all of the times hereinafter mentioned, OPEN DOOR FAMILY MEDICAL CENTER, INC. ("OPEN DOOR") was and still is a domestic not-for-profit corporation duly organized, existing under and by virtue of the laws of the State of New York.

8. That at all of the times hereinafter mentioned, OPEN DOOR, maintained facilities for the care and treatment of the sick and/or injured, located at 165 Main Street, Ossining, New York 10562.

9. That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., was and still is a physician, duly licensed to practice medicine in the State of New York.

10. That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., was and still is a physician, duly licensed to practice medicine in the State of New York and was engaged in the practice of her profession in the County of Westchester and the State of New York.

11. That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., was and still is a physician, duly licensed to practice medicine in the State of New York and was engaged in the practice of her profession at 165 Main Street, Ossining, New York, as an employee at the facility of the aforementioned OPEN DOOR

12. That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., held herself out to the public to be a competent and skillful physician, and as being trained, qualified, competent and experienced in the medical specialty of pediatrics and/or family practice.

13. That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., held herself out to the public to be a competent, qualified, trained, experienced and skillful physician in administering medical care and treatment to persons in need of such medical care and treatment in accordance with the usual accepted practice and skill ordinarily practiced by physicians in the community at that time.

14. That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., was an agent, servant and/or employee of OPEN DOOR

15. That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., was an officer of OPEN DOOR.

16.  That at all of the times hereinafter mentioned, ONYINYE OKPUKPARA, M.D., was an officer, agent, servant and/or employee of OPEN DOOR, and that all of the following acts and/or omissions of ONYINYE OKPUKPARA, M.D., were with the knowledge, permission and consent, expressed or implied of, and during the course of her employment with, and for the business uses and purposes of OPEN DOOR

17.  That on various occasions in June, July and August, 2011, the plaintiff, A.F., had presented himself for medical care and treatment at the aforementioned medical facility known as OPEN DOOR FAMILY MEDICAL CENTER, INC, and received certain treatment from ONYINYE OKPUKPARA, M.D. and other employees or agents of that facility for a condition known as plantar warts on his left foot.

18.  That on those occasions, ONYINYE OKPUKPARA, M.D., and other agents or employees of OPEN DOOR, performed a procedure on the left foot of plaintiff A.F. known as cryotherapy.

19.  That ONYINYE OKPUKPARA, M.D. and OPEN DOOR FAMILY MEDICAL CENTER, INC, were careless and negligent in that the medical services, care and treatment rendered by said defendants to the Plaintiff A.F. were rendered in a careless and negligent manner so as to constitute medical malpractice; in that said medical services, care, and treatment were rendered in a manner which were a departure from the usual accepted practice and skill ordinarily practiced by physicians in the community at that time; in that they were further careless and negligent in failing to act in a prudent fashion under all of the circumstances as presented herein; were careless and negligent in failing, omitting and neglecting to use proper care in the performance of such cryotherapy,

4

resulting in permanent injury to plaintiff A.F.; in failing omitting and neglecting to properly consult with physicians having the requisite knowledge, skill, ability and experience to properly diagnose the medical condition of the plaintiff herein; and that all of the aforementioned acts and/or omissions as described hereinabove of OPEN DOOR, their agents, servants and/or employees, relating to the medical care and treatment and services rendered to the plaintiff herein, were rendered in such a careless and negligent manner constituting deviations and departures from the usual and customary standards of good and acceptable medical practice in the community by physicians at that time and place and under the facts and circumstances herein.

20.     That the aforesaid incident and resultant conscious pain and suffering (personal injuries) sustained by the plaintiff herein, A.F., were caused solely and wholly by reason of the carelessness and negligence and medical malpractice of ONYINYE OKPUKPARA, M.D. and OPEN DOOR, and their agents, servants and/or employees, and through no fault or lack of care on the part of the Plaintiff in any way contributing thereto.

21.     That as a result of the foregoing, and wrongful and negligent acts of ONYINYE OKPUKPARA, M.D. and OPEN DOOR, and their agents, servants and/or employees, the plaintiff A.F. suffered and will continue to suffer great pain, mental anguish and physical scarring from the time of the aforementioned treatment and into the future.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, ELIZABETH FELDMAN

22.     Plaintiff, ELIZABETH FELDMAN, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" thru"21" of the first cause of action of the complaint with the same force and effect as if same were more fully set forth herein.

5

23. That at all of the times hereinafter mentioned, the plaintiff, ELIZABETH FELDMAN, was and still is the mother of the infant plaintiff, A.F., and is responsible for his care, upkeep and maintenance.

24. That as a result of the injuries sustained by her infant son, the plaintiff, A.F., the plaintiff, ELIZABETH FELDMAN, suffered loss of services, medical and hospital expenses and loss of earnings.

WHEREFORE, infant plaintiff, A.F., demands judgment against the defendant UNITED STATES OF AMERICA, on the first cause of action, in the amount of $3,000,000.00 (Three Million Dollars); and plaintiff, ELIZABETH FELDMAN, demands judgment against the UNITED STATES OF AMERICA, on the second cause of action, in the amount of $500,000.00 (Five Hundred Thousand Dollars), together with the costs and disbursements of this action.

Dated: January 17, 2014
       Bronx, New York

       IROM, WITTELS, FREUND, BERNE & SERRA, P.C.

       By: _____

       Wesley M. Serra
       Attorneys for Plaintiffs
       Office and P.O. Address:
       349 East 149th Street
       Bronx, New York 10451
       (718) 665-0220

       wserra@iromlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

A. F., an infant over the age of 14 years, by his natural guardian and mother, **ELIZABETH FELDMAN;** and **ELIZABETH FELDMAN**,

                              Plaintiffs,

              -against-

**UNITED STATES OF AMERICA,**

                             Defendant.

------------------------------------------------------------X

**CERTIFICATE OF MERIT**

Docket No.:

        **Wesley M. Serra**, an attorney and a member of the firm of **IROM, WITTELS, FREUND, BERNE & SERRA, P.C.**, attorneys for the Plaintiffs in the above entitled action, hereby certifies that (pursuant to Rule 3012[a]) of the New York State Civil Practice Law and Rules) I have reviewed the facts of the action herein and have consulted with a physician licensed to practice medicine in the State of New York about the action herein, who has concluded on the basis of such review and consultation, that there is a reasonable basis for the commencement of such action.

Dated: Bronx, New York
         January 17, 2014

                                         _____
                                            Wesley M. Serra